# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x
:
In re *Ex Parte* Application of                                    :
                                                                  :
Michèle Assouline,                                                :
For an Order Pursuant to 28 U.S.C. § 1782 to Conduct  :
Discovery for Use in a Foreign Proceeding                :        Misc. Case No. M-  _____
                                                                  :
                                                                  :
-----------------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF
# AN *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
# TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

**SEIDEN LAW LLP**

MarcAnthony Bonanno
Amiad Kushner
Peter Grabowski
322 Eighth Avenue, Suite 1200
New York, NY 10001
mbonanno@seidenlaw.com
akushner@seidenlaw.com
pgrabowski@seidenlaw.com
(646) 264-4402

*Attorneys for Applicant*
*Michèle Assouline*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND ................................................................................................... 1

ARGUMENT ........................................................................................................................ 5

   I.     THE APPLICATION SATISFIES ALL OF 28 U.S.C. § 1782's REQUIREMENTS ........ 5

      A.   Respondents Are Found In The District ................................................................ 6

      B.   The Discovery Sought Is For Use In The Foreign Proceedings ..................................... 6

      C.   Applicant is An Interested Person In The Foreign Proceedings ................................... 9

   II.    THE *INTEL* FACTORS WEIGH IN FAVOR OF GRANTING THE APPLICATION .... 10

      A.   Respondents Are Not Participants In The Foreign Proceedings ................................... 11

      B.   French Courts Are Receptive to Evidence Obtained From § 1782 Discovery ............. 13

      C.   The Application Comports With Foreign Proof-Gathering Requirements ................... 14

      D.   The Application Is Not Unduly Intrusive Or Burdensome ........................................... 15

   III.   *EX PARTE* AND EXPEDITED REVIEW ...................................................................... 16

      A.   Ex Parte Review Of The Application Is Appropriate .................................................... 16

      B.   Expedited Review Of The Application Is Warranted ..................................................... 17

CONCLUSION ...................................................................................................................... 18

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Aguila Energia e Participacoes Ltda. v. JPMorgan Chase & Co.*,
  No. 22-cv-228 (JGK), 2024 WL 3650347 (S.D.N.Y. Feb. 29, 2024)........................................ 8

*Akimoto v. Apple Inc.*,
  No. 22-MC-80056-DMR, 2022 WL 1157496 (N.D. Cal. Apr. 19, 2022) ................................. 8

*Brandi-Dohrn v. IKB Deutsche Industriebank AG*,
  673 F.3d 76 (2d Cir. 2012)...................................................................................................6, 11

*Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*,
  798 F.3d 113 (2d Cir. 2015).................................................................................................... 8

*Euromepa S.A. v. R. Esmerian, Inc.*,
  51 F.3d 1095 (2d Cir. 1995)................................................................................. 7, 12, 13, 14

*Gushlak v. Gushlak*,
  486 Fed. App'x 215 (2d Cir. 2012) ........................................................................................ 16

*In re Accent Delight Int'l Ltd.*,
  869 F.3d 121 (2d Cir. 2017)................................................................................... 6, 9, 12, 14

*In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf*,
  No. CIV.M19-88 BSJ, 2006 WL 3844464 (S.D.N.Y. Dec. 29, 2006) ...................................... 13

*In re Application of Hornbeam Corp.*,
  No. 14-mc-424, 2014 WL 8775453 (S.D.N.Y. Dec. 24, 2014) ................................................ 16

*In re Application Pursuant to 28 U.S.C. Section 1782 for an Ord. Permitting Christen Sveaas to
  Take Discovery from Dominique Levy, L & M Galleries & other non-participants for use in
  Actions Pending in the Norway*,
  249 F.R.D. 96 (S.D.N.Y. 2008)................................................................................................11

*In re Application Sveaas*,
  249 F.R.D. 96 (S.D.N.Y. 2008)......................................................................................... 7, 14

*In re Aso*,
  No. 19-mc-190 (JGK) (JLC), 2019 WL 2345443 (S.D.N.Y. June 3, 2019)............................ 12

*In re BonSens.org*,
  95 F.4th 75 (2d Cir. 2024) ....................................................................................................... 7

*In re Bouka*,
  637 F. Supp. 3d 74 (S.D.N.Y. 2022) ......................................................................................... 9

*In re Boustany*,
  23-mc-00027 (S.D.N.Y. Jan. 31, 2023) ................................................................................... 17

*In re Coelho*,
   No. 25-cv-4101 (JRH) (RWL), 2025 WL 1504837 (S.D.N.Y. May 27, 2025) ........................ 16

*In re del Valle Ruiz*,
   939 F.3d 520 (2d Cir. 2019) ................................................................................................ 6, 16

*In re Edelman*,
   295 F.3d 171 (2d Cir. 2002) ....................................................................................................... 5

*In re Ernesto Andrade Group*,
   712 F. Supp. 3d 438 (S.D.N.Y. 2024) ....................................................................................... 16

*In re Eurasian Nat'l Res. Corp.*,
   20-mc-00312 (S.D.N.Y. Sept. 9, 2020) ..................................................................................... 17

*In re Ex Parte Application of Porsche Automobil Holding SE for an Ord. Pursuant to 28 U.S.C.
   §1782 Granting Leave to Obtain Discovery for Use in Foreign Proc.*,
   No. 15-mc-417 (LAK), 2016 WL 702327 (S.D.N.Y. Feb. 18, 2016) ......................................... 12

*In re Furstenberg Fin. SAS*,
   No. 18-mc-44 (JGK), 2018 WL 3392882 (S.D.N.Y. July 12, 2018) ........................................... 9

*In re Hansainvest Hanseatische Inv.-GmbH*,
   364 F. Supp. 3d 243 (S.D.N.Y. 2018) ....................................................................................... 15

*In re Kuwait Ports Auth.*,
   No. 1:20-mc-00046-ALC, 2021 WL 5909999 (S.D.N.Y. Dec. 13, 2021) ................................. 16

*In re Mutabagani*,
   No. 22-mc-299 (VB), 2023 WL 2811621 (S.D.N.Y. Apr. 6, 2023) ............................................ 9

*In re Pidwell*,
   No. 121-mc-0166ALCKHP, 2022 WL 192987 (S.D.N.Y. Jan. 21, 2022) ................................. 12

*In re Porsche Automobile Holding SE*,
   15-mc-00417 (S.D.N.Y. Dec. 29, 2015) ................................................................................... 17

*In re Refineria de Cartagena S.A.S.*,
   No. 23-mc-455 (JPC), 2024 WL 95056 (S.D.N.Y. Jan. 8, 2024) ............................................... 7

*In re SPS I Fundo de Investimento de Acoes-Investimento no Exterior*,
   No. 22-mc-00118 (LAK), 2022 WL 17553067 (S.D.N.Y. Dec. 9, 2022) ................................... 9

*In re Tiberius Grp. AG*,
   No. 19-mc-467 (VSB), 2020 WL 1140784 (S.D.N.Y. Mar. 6, 2020) ......................................... 14

*In re Top Matrix Holdings Ltd.*,
   No. 18-mc-465 (ER), 2020 WL 248716 (S.D.N.Y. Jan. 16, 2020) ............................................ 9

iii

*In re Watkins*,
　　No. 24-mc-0023 (JGK) (RFT), 2024 WL 4264900 (S.D.N.Y. July 26, 2024) ........................ 13

*In re Zarzur*,
　　No. 22-mc- 348 (AT), 2024 WL 81517 (S.D.N.Y. Jan. 8, 2024) ............................................. 16

*Intel Corp. v. Advanced Micro Devices, Inc.*,
　　542 U.S. 241 (2004) ........................................................................................................ passim

*Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*,
　　895 F.3d 238 (2d Cir. 2018) ...................................................................................................... 5

*Knaggs v. Yahoo! Inc.*,
　　No. 15-mc-80281-MEJ, 2016 WL 3916350 (N.D. Cal. July 20, 2016) ...................................... 7

*Lancaster Factoring Co. Ltd. v. Mangone*,
　　90 F.3d 38 (2d Cir. 1996) ........................................................................................................... 5

*Mangouras v. Squire Patton Boggs*,
　　980 F.3d 88 (2d Cir. 2020) ........................................................................................................11

*Matter of Ramos*,
　　No. 1:24-mc-00413-LTS, 2025 WL 522535 (S.D.N.Y. Feb. 18, 2025) ...................................... 7

*Mees v. Buiter*,
　　793 F.3d 291 (2d Cir. 2015) ........................................................................................... 5, 7, 15

*Minatec Fin. S.A.R.L. v. SI Grp. Inc.*,
　　1:08-cv-269LEK/RFT, 2008 WL 3884374 (N.D.N.Y. Aug. 18, 2008) ......................................11

*n re Navios S. Am. Logistics Inc.*,
　　No. 24-mc-575 (LJL), 2025 WL 887588 (S.D.N.Y. Mar. 21, 2025) .......................................... 8

*Schmitz v. Bernstein Liebhard & Lifshitz, LLP*,
　　376 F.3d 79 (2d Cir. 2004) ...................................................................................................... 10

*ZF Automotive U.S., Inc.v. Luxshare, Ltd.,*,
　　596 U.S. 619 (2022) ............................................................................................................ 7, 8

**Statutes**
28 U.S.C. § 1782 ................................................................................................................... 1, 5

**Rules**
Fed. R. Civ. P. Rule 26(b)(1) .................................................................................................... 15

**Other Authorities**
S.Rep. No. 1580, reprinted in 1964 U.S.C.C.A.N ..................................................................... 10

Applicant Michèle Assouline ("**Applicant**"), by and through her undersigned counsel, Seiden Law LLP, respectfully submits this memorandum of law in support of her application (the "**Application**") for judicial assistance pursuant to 28 U.S.C. § 1782 to conduct discovery and obtain documentary evidence for use in a foreign proceeding.[1]

## PRELIMINARY STATEMENT

Applicant seeks evidence from CIC, Citibank, JPMC, HSBC, Wells Fargo, BNY, the Federal Reserve and The Clearing House Payment Company[2] (collectively "**Respondents**") to support her criminal appeal brought before the Paris Court of Appeal, and a contemplated civil action against Hénin, his son Pierre-Marie Hénin and their Company Pacifico. The evidence sought is critical to exonerating an innocent woman.

## FACTUAL BACKGROUND

Ms. Assouline's family incorporated JM Commodities Limited ("**JMC**"), and its Indonesian subsidiary PT Bumi Energi Sejahtera ("**PT BES**"), to acquire High Speed Diesel ("**HSD**") from major international oil companies stored in Indonesia, then distribute the HSD via targeted sales to local industrial companies, thereby optimizing the supply chain and meeting the energy needs of the Indonesian industrial sector. Assouline Decl. ¶6; De Bernis Decl. ¶¶8-10. While acting as JMC's director, Ms. Assouline entered into a partnership agreement with Pacifico

---

[1] All references to "**De Bernis Decl.**", "**Assouline Decl.**", and "**Bonanno Decl.**" are to paragraphs of the declarations of Dorothée De Bernis, Michèle Assouline, and MarcAnthony Bonanno, respectively, filed contemporaneously herewith. All capitalized terms not otherwise defined herein shall have the meanings defined in the De Bernis Decl. and Assouline Decl. All emphasis is added; all internal quotations and citations are omitted.

[2] Several of the exhibits submitted to the Court from the De Bernis Decl., Assouline Decl., and Bonanno Decl., contain sensitive financial-account information. Pursuant to Federal Rule of Civil Procedure 5.2(a)(4), Applicant has redacted all but the last four digits of the various financial-account numbers to protect this information. Applicant can provide the Court with unredacted versions of the relevant documents upon request.

on January 4, 2017 ("**Agreement**"). Assouline Decl. ¶¶8-9. Henin and Pierre-Marie Hénin's request to change the management together with the Agreement not only allocated exclusive control of JMC and PT BES (including control over its banking operations) to Pacifico, but Pacifico granted JMC a $30 million loan to be used exclusively for HSD transactions; however, Pacifico's owner Mr. Jean-François Hénin ("**Hénin**") was required to approve each transaction. Assouline Decl. ¶¶9-10.

In January 2019, the $30 million loan was required to be repaid by JMC to Pacifico Assouline Decl. ¶18. Upon JMC's request, Pacifico entered into three amendments to the Agreement. Assouline Decl. ¶¶18-20. Most importantly, in the Third Amendment, PT BES guaranteed repayment of JMC's debt by providing Pacifico authority to unilaterally withdraw monies from PT BES's bank accounts at PT Bank Central Asia Tbk ("**BCA**") to satisfy the loan. Assouline Decl. ¶¶20-21. The Guarantee, dated April 18, 2019, was submitted as a letter on BCA's letterhead that listed out each of PT BES's bank account numbers and the amounts held in each account. Assouline Decl. ¶¶23-24. In total, PT BES held sufficient funds to repay Pacifico in full – approximately $30 million. Assouline Decl. ¶24.

After the Third Amendment was executed, it was purportedly claimed that the Guarantee was a fake. Assouline Decl. ¶¶25-27. Thereafter, Pacifico brought the Pacifico-BCA Action, *inter alia*, against BCA for its refusal to honor the Guarantee and to compel payment. De Bernis Decl. ¶¶18-19. At the appeal stage of the Pacifico-BCA Action, BCA denied creating or having any knowledge of the Guarantee. De Bernis Decl. ¶¶21-22. However, on appeal, the ***Paris Court of Appeal noted in the factual part of its decision that BCA conceded that the Guarantee was created at BCA's headquarters***. De Bernis Decl. ¶22.

Pacifico also brought the French Commercial Action against JMC before the Paris

Commercial Court. De Bernis Decl. ¶23. On or about July 9, 2019, a summary judgment hearing was held in the French Commercial Action. De Bernis Decl. ¶24. Ms. Assouline was not in attendance because she was not a director or officer of JMC, and in addition, was recovering from a caesarean section that was conducted on July 3, 2019. *Id.* On July 19, 2019, the Paris Commercial Court entered summary judgment against JMC in the French Commercial Action and ordered JMC to pay Pacifico $30 million. De Bernis Decl. ¶¶27-29. Pacifico pretends it was unable to comply with this judgment. De Bernis Decl. ¶28.

Also, and purportedly at the exact time as the July 9 summary judgment hearing was proceeding, PT BES allegedly executed a transfer order directing BCA to transfer $30 million to Pacifico to repay JMC's loan. De Bernis Decl. ¶25. However, BCA argued it never received the 7.9.19 Transfer Order and Ms. Assouline was not responsible for creating or requesting it. De Bernis Decl. ¶¶25-26. Because BCA denies receiving the 7.9.19 Transfer Order, it is argued by Pacifico that it was also fabricated.

As a result of the above, as more fully detailed in the accompanying declarations, Ms. Assouline was criminally charged in France and, in June 2023, was convicted for using the fraudulent Guarantee to induce Pacifico to sign the Third Amendment. De Bernis Decl. ¶39. Most importantly, during the trial that convicted Ms. Assouline of these charges, BCA produced bank statements for the PT BES bank accounts that were listed on the Guarantee. De Bernis Decl. ¶40. A critical item of evidence supporting the conviction, as the Criminal Court explained, was that PT BES's bank statements showed that ***on April 16, 2019, their accounts only had approximately $1.11 million and not $30 million as was reflected in the Guarantee***. *Id.*

Ms. Assouline believes the money was likely wired out of the accounts at some point around the time the Third Amendment was executed. De Bernis Decl. ¶¶31-32; Assouline Decl.

3

¶30.

Moreso, one key piece of evidence that was used to establish that the Guarantee is considered fraudulent stems from an uncontested handwriting analysis conducted in Indonesia on April 22, 2022 ("**Indonesian Report**"). De Bernis Decl. ¶37. The Indonesian Report states that the signatures on the Guarantee are "determined to be inauthentic." *Id.* The Indonesian Report has since been called into question and raises the issue of whether proper procedures and analysis were conducted. De Bernis Decl. ¶42. On March 24, 2025, Ms. Assouline had a handwriting expert—accredited by the Paris Court of Appeal and Court of Cassation—examine the Indonesian Report ("**French Report**"). *Id.* The handwriting expert wrote in the French Report that the Indonesian Report and its conclusions should be considered "questionable" because, *inter alia*, its conclusions were based on poor reproductions of the handwriting samples. *Id.*

Despite her conviction, Ms. Assouline maintains her innocence. Assouline Decl. ¶5. Accordingly, immediately after her conviction she began appealing the decision on a number of factual, procedural, and legal grounds. De Bernis Decl. ¶¶39-42. A critical inquiry by her appellate team has been focused on finding out what happened to the $30 million that was previously in PT BES's bank accounts. De Bernis Decl. ¶¶54-56. Determining that the $30 million was actually held in PT BES's bank accounts at the time the Third Amendment was executed (as reflected in the Guarantee) and determining when and where those funds were sent from those accounts will help establish that the Guarantee was not a forgery, was not used for illicit means, and was not used to fraudulently induce the signing of the Third Amendment by Pacifico. De Bernis Decl. ¶48. As a result, it will ultimately support Ms. Assouline's exoneration. *Id.*

## **ARGUMENT**

Under 28 U.S.C. § 1782, "[t]he district court of the district in which a person resides or is found may order [the person] to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). As a threshold matter, a court must determine whether it "possesses jurisdiction to grant a § 1782 [application]" based on § 1782's statutory requirements. *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 243 (2d Cir. 2018). If these "requirements are met, a district court may grant discovery under § 1782 in its discretion," as guided by the factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) ("*Intel*"). *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015).

Here, Ms. Assouline's Application should be granted because, as set forth below, the Application meets each of § 1782's statutory elements. *See* Section II *infra*.

### I.    THE APPLICATION SATISFIES ALL OF 28 U.S.C. § 1782's REQUIREMENTS

A court will have jurisdiction and can order discovery pursuant § 1782 where three statutory requirements are met: (1) that the person from whom discovery is sought either resides or can "be found" in the district; (2) that the discovery is "for use" in a proceeding before a foreign tribunal; and (3) that the application is made by a foreign or international tribunal or "any interested person." *In re Edelman*, 295 F.3d 171, 175-76 (2d Cir. 2002); *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (citing authorities); *see generally* 28 U.S.C. § 1782. § 1782 has two purposes: (i) "to provide equitable and efficacious discovery procedures in the United States courts for the benefit of tribunals and litigants involved in litigation with international aspects"; and (ii) "to encourage foreign countries to provide similar means of assistance to [United States] courts." *Lancaster Factoring Co. Ltd. v. Mangone*, 90 F.3d 38, 41 (2d Cir. 1996). "In pursuit of these twin

goals, the section has, over the years, been given increasingly broad applicability." *Id.*  As set forth below, this Application satisfies all of § 1782's statutory requirements.

### A.  Respondents Are Found In The District

Respondents are found in this District. Bonanno Decl. ¶¶3-10; Assouline Decl. ¶¶31-37. The Second Circuit has held that, § 1782's "resides or is found language extends to the limits of personal jurisdiction consistent with due process" and analyzed the application under specific jurisdiction's minimum contacts test.  *In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019).

Here, because Respondents all conduct business in this District, have sufficient contacts in this District, and/or are physically located in this District, the Court should find that Respondents all reside or are found in this District. Bonanno Decl. ¶¶3-10; Assouline Decl. ¶¶31-37. Further, the records Applicant seeks were generated by Respondents in their ordinary course of business and would be expected to be held by or easily accessible to Respondents where they conduct such business.  Accordingly, Respondents should be able to locate and produce these records in this District. Bonanno Decl. ¶¶3-10, Exs. 1-8.

### B.  The Discovery Sought Is For Use In The Foreign Proceedings

The discovery sought is for Applicant's use in an ongoing and reasonably contemplated foreign proceedings before French courts. De Bernis Decl. ¶¶41-52.  The statutory requirement that the discovery sought is "for use" in a foreign proceeding is satisfied where an applicant establishes that the discovery sought "will be employed with some advantage or serve some use in the proceeding." *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 132 (2d Cir. 2017). A district court "should not consider the discoverability of the evidence in the foreign proceeding[.]" *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 82 (2d Cir. 2012). Likewise, as to "the admissibility of evidence in the foreign proceeding [.]" *Id.* Rather, the element is established based

on a showing that "the evidence is minimally relevant to the foreign proceeding." *In re BonSens.org*, 95 F.4th 75, 80 (2d Cir. 2024). Accordingly, the "burden imposed on the applicant in this regard is *de minimis*." *In re Refineria de Cartagena S.A.S.*, No. 23-mc-455 (JPC), 2024 WL 95056, at *7 (S.D.N.Y. Jan. 8, 2024); *see also Matter of Ramos*, No. 1:24-mc-00413-LTS, 2025 WL 522535, at *4 (S.D.N.Y. Feb. 18, 2025) (the required showing is a "low threshold"). The Second Circuit has warned against "speculative forays into legal territories unfamiliar to federal judges because such a costly, time-consuming, and inherently unreliable method of deciding § 1782 requests" would undermine the statute's aims. *Mees*, 793 F.3d at 298-99. A "foreign proceeding" refers to "governmental or intergovernmental" tribunals. *See ZF Automotive U.S., Inc.*, *v. Luxshare, Ltd.,* 596 U.S. 619, 627 (2022).

Here, Ms. Assouline's criminal appeal pending in France is "indisputably" a "foreign proceeding before a foreign court." *See Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095 (2d Cir. 1995) (finding it was improper to deny discovery in aid of case pending before a French court on ground that French policy requires that pretrial discovery and use of evidence be controlled by courts and not by parties and that granting petition would infringe on power that French legislature has bestowed on the courts, where no authoritative declarations by French judicial, executive or legislative bodies objecting to foreign discovery assistance appeared in the record, and since French court could enjoin party from pursuing discovery in manner that violates judicial policies of France or refuse to consider evidence gathered by such practice); *In re Application Sveaas*, 249 F.R.D. 96 (S.D.N.Y. 2008) (granting a § 1782 application to compel discovery in aid of pending action in Norway and France); *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 134 (2d Cir. 2017) (upholding district court's order permitting petitioners to use § 1782 discovery in France and Singapore); *Knaggs v. Yahoo! Inc.*, No. 15-mc-80281-MEJ, 2016 WL 3916350 (N.D. Cal. July 20,

2016) (finding that the second statutory factor was satisfied when the petitioner sought "to use discovery gained from Yahoo in his appeal of his criminal conviction"); *Akimoto v. Apple Inc.*, No. 22-MC-80056-DMR, 2022 WL 1157496, at *2 (N.D. Cal. Apr. 19, 2022) ("Finally, Akimoto qualifies as an "interested" party, since he is the defendant in the criminal proceeding and is pursuing the appeal of his conviction.").

Likewise, the Assouline family's French civil case is a reasonably contemplated foreign proceeding before a foreign tribunal (a French court) sufficient to support this Application. The Supreme Court has recently reconfirmed that § 1782 discovery is available for use in proceedings "within reasonable contemplation." *ZF Auto. US, Inc.*, 596 U.S. at 632; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 243, 256 (2004) ("*Intel*") (explaining that the "for use" element requires only that "[t]he proceeding for which discovery is sought under § 1782(a) must be within reasonable contemplation, but need not be pending or imminent."). An anticipated action is within reasonable contemplation where an applicant provides "some objective indicium that the action is being contemplated." *In re Navios S. Am. Logistics Inc.*, No. 24-mc-575 (LJL), 2025 WL 887588, at *2 (S.D.N.Y. Mar. 21, 2025). One such indicator is whether the "proceedings will be instituted within a reasonable time." *Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 123 (2d Cir. 2015).

Here, Ms. Assouline's French civil case is being contemplated, including that it will be instituted within a reasonable time. Ms. Assouline has retained French counsel who has advised her on the feasibility of the contemplated proceeding and has set forth the factual and legal basis for such a case. De Bernis Decl. ¶¶49-52. Likewise, Ms. Assouline and her counsel have identified the likely parties to this contemplated proceeding and the likely timeframe within which it will be brought. *Id.* This is more than sufficient to serve as the basis for a § 1782 application. *See Aguila*

*Energia e Participacoes Ltda. v. JPMorgan Chase & Co.*, No. 22-cv-228 (JGK), 2024 WL 3650347, at \*6 (S.D.N.Y. Feb. 29, 2024) (identification of legal basis, how discovery would be used, and identification of parties was sufficient); *In re SPS I Fundo de Investimento de Acoes-Investimento no Exterior*, No. 22-mc-00118 (LAK), 2022 WL 17553067, at \*4 (S.D.N.Y. Dec. 9, 2022) (contemplated proceeding was sufficiently set forth where applicant "provided a sworn statement from its [foreign] lawyer attesting to [the applicant's] intent to initiate the contemplated proceeding and outlining its legal theories therein"); *In re Bouka*, 637 F. Supp. 3d 74, 87 (S.D.N.Y. 2022) ("[b]ecause [the applicant] had retained local counsel, laid out a basis for liability, and identified the factual basis of his claims, we find that the [contemplated] [p]roceedings are 'reasonably contemplated,' and thus the requested discovery would be 'for use' in a foreign proceeding"); *In re Furstenberg Fin. SAS*, No. 18-mc-44 (JGK), 2018 WL 3392882, at \*4 (S.D.N.Y. July 12, 2018) (proceeding was reasonably contemplated where "petitioners have sworn th[ey] intend to file a criminal complaint in ... Luxembourg ... and have articulated a specific legal theory on which they intend to rely"); *see also In re Mutabagani*, No. 22-mc-299 (VB), 2023 WL 2811621, at \*3 (S.D.N.Y. Apr. 6, 2023) (sworn statements attesting to contemplated litigation were sufficient to satisfy for-use requirement); *In re Top Matrix Holdings Ltd.*, No. 18-mc-465 (ER), 2020 WL 248716, at \*4 (S.D.N.Y. Jan. 16, 2020) ("This Circuit has found that sworn statements attesting to petitioners' intent to litigate and describing the legal theories on which they plan to rely are sufficiently concrete to meet the statutory requirement."); *In re Accent Delight Int'l Ltd.*, 869 F.3d at 135 (noting that a § 1782 applicant may use "the discovery elsewhere unless the district court orders otherwise.").

### C.  Applicant is An Interested Person In The Foreign Proceedings

The term "interested person" includes someone with "participation" or procedural rights

and who "possess[es] a reasonable interest in obtaining [judicial] assistance." *Intel*, 542 U.S. at 256-57. The legislative history of § 1782 also makes plain that "interested person" includes "a party to the foreign . . . litigation." S. Rep. No. 1580, reprinted in 1964 U.S.C.C.A.N. at 3789; *Intel*, 542 U.S. at 256 (noting that litigants in the foreign proceeding are "no doubt" the most common example of interested persons). Indeed, "litigants are included among, and may be the most common example of, the interested person[s] who may invoke § 1782." *Intel*, 542 U.S. at 256.

Ms. Assouline is an "interested person" authorized to bring this Application. Indeed, she is a defendant in the appeal of her French criminal conviction, and the discovery sought is related to her efforts to exonerate herself before the Paris Court of Appeal or Court of Cassation. De Bernis Decl. ¶¶41-48. *See Intel*, 542 U.S. at 256 (broadly construing the "interested person" requirement such that even non-litigants may be an "interested person" under 28 U.S.C. § 1782 so long as the non-litigant has certain participation rights, such as the ability to submit evidence or appellate rights). Since Ms. Assouline is a party to the appeal of her French criminal conviction and as such has the ability to submit evidence, Ms. Assouline satisfies the "interested person" element.

## II.    THE *INTEL* FACTORS WEIGH IN FAVOR OF GRANTING THE APPLICATION

"[O]nce the statutory requirements [of 28 U.S.C. § 1782] are met, a district court is free to grant discovery in its discretion." *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83-84 (2d Cir. 2004). A district court should exercise its discretion to grant discovery pursuant to §1782 where the applicant has demonstrated some of the following, non-exhaustive factors: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceeding underway abroad, and the receptivity of the foreign court to federal-court assistance; (3) whether the application conceals an

attempt to circumvent foreign proof gathering restrictions of a foreign country; and (4) whether

the application is unduly intrusive or burdensome. *See Intel*, 542 U.S. at 264-65; *Brandi-Dohrn v.*

*IKB Deutsche Industriebank AG*, 673 F.3d 76, 80-81 (2d Cir. 2012).

As the Second Circuit has advised, a district court should exercise its discretion in granting

a § 1782 application "in light of the twin aims of the statute: providing efficient means of assistance

to participants in international litigation in our federal courts and encouraging foreign countries by

example to provide similar means of assistance to our courts." *Mangouras v. Squire Patton Boggs*,

980 F.3d 88, 97 (2d Cir. 2020). The "pursuit of these twin goals" typically requires "increasingly

broad applicability." *Brandi-Dohrn*, 673 F.3d at 80. To that effect, "[t]he Second Circuit "has

consistently ruled that it is far better to provide federal court assistance than none at all." *Minatec*

*Fin. S.A.R.L. v. SI Grp. Inc.*, 1:08-cv-269LEK/RFT, 2008 WL 3884374, at *4 (N.D.N.Y. Aug. 18,

2008) (granting the § 1782 application). Here, the Court should permit Applicant to issue the

Proposed Subpoenas because the *Intel* factor weighs strongly in favor of granting the Application.

## A. Respondents Are Not Participants In The Foreign Proceedings

Here, the *Intel* factors weigh in favor of granting this Application.

*First*, the Court should exercise its discretion and grant this Application because the first

*Intel* factor – whether the person or entity from whom discovery is sought is a participant in the

foreign proceeding – weighs unequivocally in Applicant's favor.  Where a respondent to a § 1782

application is a participant in a foreign proceeding, "the need for § 1782(a) aid generally is not as

apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising

abroad." *Intel*, 542 U.S. at 264. Notably though, where a respondent to a § 1782 application is a

*non-participant* in the foreign proceeding, the need for a § 1782 discovery order increases because

the respondent "would not be subject to the jurisdiction" of the foreign court.

*Pursuant to 28 U.S.C. Section 1782 for an Ord. Permitting Christen Sveaas to Take Discovery from Dominique Levy, L & M Galleries & other non-participants for use in Actions Pending in the Norway*, 249 F.R.D. 96, 107 (S.D.N.Y. 2008).

Moreover, even when a non-participant respondent is located within the jurisdiction of the foreign tribunal, the Second Circuit has repeatedly rejected the argument that a § 1782 applicant is required to exhaust its discovery options afforded to it in the foreign jurisdiction or by the foreign tribunal before it can seek § 1782 discovery. *See In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 134 (2d Cir. 2017) ("Section 1782 does not require applicants first to seek discovery in the foreign tribunal before applying in this country.") (citing authority); *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1098 (2d Cir. 1995) ("this Court has ... refused to engraft a quasi-exhaustion requirement onto § 1782 that would force litigants to seek information through the foreign or international tribunal before requesting discovery from the district court.").

Here, discovery is sought from Respondents, none of whom are parties in the various foreign proceedings and none of whom would be parties in Ms. Assouline's contemplated action against Hénin, his son Pierre-Marie Hénin and their Company Pacifico. *In re Pidwell*, No. 121-mc-0166ALCKHP, 2022 WL 192987, at *7 (S.D.N.Y. Jan. 21, 2022) (granting § 1782 application in part because respondent was non-party to the foreign proceeding); *In re Aso*, No. 19 MC 190 (JGK) (JLC), 2019 WL 2345443, at *5, *9 (S.D.N.Y. June 3, 2019) (same); s*ee In re Ex Parte Application of Porsche Automobil Holding SE for an Ord. Pursuant to 28 U.S.C. §1782 Granting Leave to Obtain Discovery for Use in Foreign Proc.*, 2016 WL 702327, at *7 (S.D.N.Y. Feb. 18, 2016) (that a party from whom discovery was sought was a party to a foreign proceeding governed by civil law did not weigh against granting § 1782 application because the disclosure rules applicable in civil law proceedings do not provide for mandatory disclosure from adverse parties;

"that the relevant inquiry is whether the foreign tribunal has the ability to control the evidence sought and order production, not whether the tribunal has control over the party targeted by the Section 1782 application — is supported by the weight of authority in this district.") (citing authorities).

### B. French Courts Are Receptive to Evidence Obtained From § 1782 Discovery

*Second*, the Court should exercise its discretion and grant this Application because the second *Intel* factor – the nature of the foreign proceedings and the receptivity of the foreign tribunal to federal court assistance – weighs heavily in Applicant's favor.  This factor requires courts to consider "(1) whether United States assistance would offend the foreign country, and (2) whether the material sought is admissible in the foreign tribunal." *In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf*, No. CIV.M19-88 BSJ, 2006 WL 3844464, at 6 (S.D.N.Y. Dec. 29, 2006). The second *Intel* factor requires the Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. In assessing this factor, a court should "consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782" brought by the § 1782 respondent. *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995). Such proof is "embodied in a forum country's judicial, executive or legislative declarations that specifically address the use of evidence gathered under foreign procedures[.]" *Id*. "Absent this type of clear directive," a court should grant a § 1782 application. *Id.*; *see also In re Watkins*, No. 24-mc-0023 (JGK) (RFT), 2024 WL 4264900, at *9 (S.D.N.Y. July 26, 2024) (second *Intel* factor weighed in favor of applicant because

respondents proffered "no authoritative proof that [the] foreign tribunal would reject evidence obtained with the aid of section 1782.").

Courts in this District have found that the second *Intel* factor is satisfied to support a case or cases pending before French courts. *See Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095 (2d Cir. 1995) (court finding that it was improper to deny discovery in aid of case pending); *In re Application Sveaas*, 249 F.R.D. 96 (S.D.N.Y. 2008) (granting a § 1782 application to compel discovery in aid of pending action in Norway and France).

Here, the Paris Court of Appeal, the Court of Cassation, and any other French courts are not likely to reject and would indeed accept the evidence obtained from this Application. De Bernis Decl. ¶¶41-48. Applicant seeks ordinary business records that should be admissible. De Bernis Decl. ¶¶41-48; Bonanno Decl. ¶¶3-10, Exs. 1-8. Moreover, French courts have generally been receptive to evidence gathered by similar vehicles. De Bernis Decl. ¶56.

### C.  The Application Comports With Foreign Proof-Gathering Requirements

The third *Intel* factor is whether the § 1782 application seeks to "circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264-65. The Second Circuit has instructed that "there is a difference between a § 1782(a) request that seeks documents that cannot be obtained in a foreign proceeding because the foreign jurisdiction does not provide a *mechanism* for such discovery, and one that seeks documents that cannot be obtained because the foreign jurisdiction *prohibits* the discovery of those documents." *In re Accent Delight International Ltd.*, 791 F. App'x 247, 251 (2d Cir. 2019) (emphasis in original). In the former case, the § 1782 discovery should be allowed; just because a country does not have broad discovery "does not mean that it has a policy that restricts parties from obtaining evidence through other lawful means." *Id*. In the latter case, discovery should be denied since the

§ 1782 petitioner would be "attempt[ing] to circumvent foreign proof-gathering restrictions or other policies of a foreign country." *Intel*, 542 U.S. at 265. To that effect, courts in the Second Circuit "routinely grant § 1782 applications where the discovery sought might not be available in the foreign legal system, but is not explicitly prohibited from being acquired by way of a § 1782 application." *In re Tiberius Grp. AG*, No. 19-mc-467 (VSB), 2020 WL 1140784, at *5 (S.D.N.Y. Mar. 6, 2020). To demonstrate impermissible circumvention under *Intel*, a respondent "must illustrate not merely that the requested [discovery is] not obtainable" through the foreign tribunal's procedures, but that applicant is "engaged in a bad faith endeavor to misuse Section 1782." *In re Hansainvest Hanseatische Inv.-GmbH*, 364 F. Supp. 3d 243, 251 (S.D.N.Y. 2018).

Here, this factor weighs in favor of granting the Application, as French courts are receptive to this type of discovery. De Bernis Decl. ¶56. Further, Article 427 of the French Code of Criminal Procedure establishes the principle of "freedom of evidence" in criminal matters, which means that evidence can be provided by any means from any party. De Bernis Decl. ¶¶44-47. This includes evidence gathered by this petition.

### D.  The Application Is Not Unduly Intrusive Or Burdensome

The final *Intel* factor is satisfied where the discovery sought is not "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. A court evaluating a § 1782 discovery request "should assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure." *Mees*, 793 F.3d at 298. Rule 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. Rule 26(b)(1). To that effect, it is "far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored

discovery order rather than by simply denying relief outright." *Mees*, 793 F.3d at 302.

Here, the Court should exercise its discretion and grant the entirety of the relief sought in this Application because there is nothing intrusive or burdensome about Applicant's requests for records that were generated in Respondents' ordinary court of business. De Bernis Decl. ¶¶41-48; Bonanno Decl. ¶¶3-10, Exs. 1-8. These records should be easily accessible to Respondents. *See In re Del Valle Ruiz*, 342 F. Supp. 3d 448, 459–60 (S.D.N.Y. 2018) (denying respondent bank's argument that the production of its records that are located in a foreign jurisdiction would be unduly burdensome and intrusive); *In re Application of Hornbeam Corp.*, No. 14-mc-424, 2014 WL 8775453, at *5 (S.D.N.Y. Dec. 24, 2014) (granting § 1782 petition for production of bank records, including wire transfer records); *In re Kuwait Ports Auth.*, No. 1:20-mc-00046-ALC, 2021 WL 5909999, at *11 (S.D.N.Y. Dec. 13, 2021) (1782 discovery served on respondent-bank to be not unduly burdensome when the documents were within the respondent's possession, custody or control, even if the documents were located abroad).

For these reasons, the Court should grant the Application.

## III.    *EX PARTE* AND EXPEDITED REVIEW

### A.  Ex Parte Review Of The Application Is Appropriate

Ms. Assouline is seeking *ex parte* relief, which is commonplace in § 1782 applications. In fact, "the Second Circuit has recognized the appropriateness of granting applications under section 1782 ex parte." *In re Ernesto Andrade Group*, 712 F. Supp. 3d 438, 441 (S.D.N.Y. 2024). "[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte.* The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *In re Coelho*, No. 25-cv-4101 (JRH) (RWL), 2025 WL 1504837, *1 n.1 (S.D.N.Y. May 27, 2025) (citing

*Gushlak v. Gushlak*, 486 Fed. App'x 215, 217 (2d Cir. 2012)). Thus, district courts "routinely grant such petitions *ex parte*." *In re Zarzur*,  No. 22-mc- 348 (AT), 2024 WL 81517, *1 (S.D.N.Y. Jan. 8, 2024).

Accordingly, the Court should find that it is appropriate to grant Applicant's *ex parte* relief.

**B.  Expedited Review Of The Application Is Warranted**

Ms. Assouline is respectfully requesting expedited review of her Application given its time-sensitive nature. Courts often grant § 1782 applications in an expedited manner, consistent with this District's treatment of time-sensitive § 1782 applications. *See, e.g.*, *In re Boustany*, 23-mc-00027, ECF 7 (S.D.N.Y. Jan. 31, 2023) (granting § 1782 application within one day of its filing); *In re Eurasian Nat'l Res. Corp.*, 20-mc-00312, ECF 11 (S.D.N.Y. Sept. 9, 2020) (same within seven days; *In re Porsche Automobile Holding SE*, 15-mc-00417, ECF 4 (S.D.N.Y. Dec. 29, 2015) (same within six days; ordering a response to subpoena within two weeks of service).

Here, even though Ms. Assouline's hearing is on October 28, 2025, the Paris Court of Appeal is expected to only take a few weeks to issue its decision. De Bernis Decl. ¶46. Even so, between the hearing and the Paris Court of Appeal's decision, Ms. Assouline may submit additional exonerating evidence for the court to consider, including evidence obtained from the Application *Id.* Obtaining this evidence before this decision is issued is critical to support Ms. Assouline's exoneration efforts in the most efficient manner.

Accordingly, given the time-sensitive nature of Ms. Assouline's Application, the Court should exercise its discretion and conduct an expedited review of the Application.

## **CONCLUSION**

For all the reasons set forth herein, the Application should be granted.


Dated: October 23, 2025
       New York, New York

                                        **SEIDEN LAW LLP**

                                         */s/ MarcAnthony Bonanno*
                                        MarcAnthony Bonanno
                                        Amiad Kushner
                                        Peter Grabowski
                                        322 Eighth Avenue, Suite 1200
                                        New York, NY 10001
                                        mbonanno@seidenlaw.com
                                        akushner@seidenlaw.com
                                        pgrabowski@seidenlaw.com
                                        (646) 264-4402

                                        *Attorneys for Applicant*
                                        *Michèle Assouline*